UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-381-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TRONE BRONKEITH TILLERY | ) | |

This matter is before the Court on Defendant Trone Bronkeith Tillery's Motion for Release of *Brady* Materials [DE 46], Motion for Evidence Under Rule 404(b) [DE 48], Motion to Reveal [DE 50], and Motion to Exclude [DE 51]. For the following reasons, the Motions are DENIED.

I. BACKGROUND

Defendant is charged in a six-count Second Superceding Indictment [DE 66]. The Second Superceding Indictment charges Defendant with conspiracy to possess with intent to distribute and to distribute fifty (50) grams or more of cocaine base ("crack") and five (5) kilograms or more of cocaine, in violation of 21 U.S.C. § 846, with four counts of distribution of five (5) grams or more cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1),[1] and with one count of possessing a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding one (1) year, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Trial is currently set for the June, 2011 term of court.

II. DISCUSSION

A.  Defendant's Motion for Release of *Brady* Materials [DE 46]

The Court DENIES Defendant's Motion for Release of *Brady* Materials. The Government is already obligated to disclose the material Defendant seeks according to *Brady v. Maryland*, 373

---

[1] Defendant is charged in two of his four 21 U.S.C. § 841(a)(1) cocaine distribution counts with aiding and abetting, in violation of 18 U.S.C. § 2.

U.S. 83 (1963) and its progeny. The Defendant's Motion gives no indication that the Government has failed to meet these obligations. Thus, a court order is unnecessary at this time and the motion is DENIED.

B.  Defendant's Motion for Evidence Under Rule 404(b) [DE 48]

The Court DENIES Defendant's Motion for Evidence Under Rule 404(b). The Government is already obligated to notify the Defendant should it intend to use evidence of the Defendant's prior bad acts under Rule 404(b). *See* Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts . . . [may be admissible] provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.") Defendant's request for Rule 404(b) evidence is duly noted, but Defendant's Motion gives no indication that the Government has failed to meet its obligations under the rule. Thus, a court order is unnecessary at this time and the Motion is DENIED.

C.  Defendant's Motion to Reveal [DE 50]

Defendant seeks an order requiring the Government to reveal the existence and the terms of any agreement entered into between the Government and any of its potential witnesses where the agreement could conceivably influence the witness's testimony. The Government is already obligated pursuant to the Fifth and Sixth Amendments to the Constitution of the United States, *Giglio v. United States*, 405 U.S. 150 (1972), its progeny, *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16 of the Federal Rules of Criminal Procedure to timely disclose the material Defendant seeks. The Defendant's Motion gives no indication that the Government has failed to meet these obligations. Thus, a court order is unnecessary at this time. Defendant's Motion to Reveal

[DE 50] is, accordingly, DENIED.

D. Defendant's Motion to Exclude [DE 51]

The Defendant seeks an order from this Court to "exclude and suppress" evidence that was seized at the time of the Defendant's arrest on March 12, 2010. As justification for this request, Defendant alleges he has not received discovery showing the items seized and whether the officers acted pursuant to a warrant or an exception to the warrant requirement.

The information Defendant seeks is in the Rocky Mount Police Department incident reports dated March 12, 2010. As stated in the reports, Ms. Lloyd provided consent to search her residence for illegal contraband and firearms. As a result, the search apparently fell under an exception to the Fourth Amendment's general warrant requirement. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). The report also inventoried the items seized from the residence. It appears from the filings of the Assistant United States Attorney that these incident reports were provided to the Defendant on three separate occasions: May 18, 2010 [DE 62-2], January 28, 2011 [DE 62-3], and February 14, 2011 [DE 62-4]. A court order is therefore unnecessary and Defendant's Motion is DENIED.

III. CONCLUSION

As set forth above, Defendant's Motion for Release of *Brady* Materials [DE 46], Motion for Evidence Under Rule 404(b) [DE 48], Motion to Reveal [DE 50], and Motion to Exclude [DE 51] are DENIED.

SO ORDERED, this __20__ day of April, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3