UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-381-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TRONE BRONKEITH TILLERY | ) | |

Before the Court is Defendant's Motion to Suppress Statements Attributed to the Defendant [DE 47]. The Government has responded and the Motion is ripe for adjudication. As set forth below, the Motion is DENIED.

I. BACKGROUND

Defendant is charged in a six-count Second Superceding Indictment [DE 66]. The Second Superceding Indictment charges Defendant with conspiracy to possess with intent to distribute and to distribute fifty (50) grams or more of cocaine base ("crack") and five (5) kilograms or more of cocaine, in violation of 21 U.S.C. § 846, with four counts of distribution of five (5) grams or more cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1),[1] and with one count of possessing a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding one (1) year, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Trial

---

[1] Defendant is charged in two of his four 21 U.S.C. § 841(a)(1) cocaine distribution counts with aiding and abetting, in violation of 18 U.S.C. § 2.

1

is currently set for the June, 2011 term of court.

On March 25, 2011, Defendant filed the instant Motion; a hearing on the Motion occurred in Raleigh, North Carolina before the undersigned on May 26, 2011. In the present Motion, Defendant requests the Court to suppress his statements made to law enforcement officers and agents for the Government on two separate occasions: March 12, 2010 and July 1, 2010.

## II. DISCUSSION

### A. Statement of March 12, 2010 to Rocky Mount Police

First, Defendant asks the Court to suppress his March 12, 2010 statement to arresting officers from the Rocky Mount Police Department. Based on the evidence presented at the May 26, 2011 hearing on the Motion, the Court finds that the Defendant's statements of March 12, 2010 were made knowingly, voluntarily, and after Defendant was properly advised of his *Miranda* rights. Accordingly, the Court finds that no basis exists to suppress Defendant's statements of March 12, 2010.

### B. Statement of July 1, 2010

Defendant also moves for an order suppressing his statement to law enforcement agents on July 1, 2010. Based on the evidence presented at the May 26, 2011 hearing on the Defendant's Motion, the Court finds that the Defendant's statements of July 1, 2010 were made knowingly, voluntarily, and after Defendant was properly advised of his *Miranda* rights. Accordingly, the Court finds that no

2

basis exists to suppress Defendant's statements of July 1, 2010.

### III. CONCLUSION

As set forth above, Defendant's Motion to Suppress Statements Attributed to the Defendant [DE 47] is DENIED.

DONE AND ORDERED this __9__ day of June, 2011.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3