UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-381-BO-1

| | |
|---|---|
| TRONE BRONKEITH TILLERY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on petitioner's motion to amend and supplement his § 2255 motion [DE 181] and his motion for leave to file a response to the government's motion to dismiss and for the production of case materials including transcripts [DE 185]. For the following reasons petitioner's motion to amend is GRANTED and his motion to file a response is GRANTED IN PART and DENIED IN PART.

Leave to amend should be freely given when justice so requires. FED. R. CIV. P. 15. It is within the discretion of the court to allow or deny the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the right to amend is not unfettered. "The law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation omitted). A proposed amendment is futile when "it advances a claim or defense that is legally insufficient on its face." *Joyner v. Abbott Labs.*, 674 F. Supp. 185, 190 (E.D.N.C. 1987). Petitioner is still within his year window to file a timely § 2255 motion under 28 U.S.C. § 2255(f)(1). Because petitioner would still be able to file a timely § 2255 motion, the Court does not find any prejudice to the government by allowing the motion to amend. Further, it is clear

that *pro se* petitioner is unsophisticated and unfamiliar with the law and therefore his desire to amend is not driven by bad faith. Although no proposed amendments have been offered to the Court and therefore it cannot determine whether the amendment would be futile, due to petitioner's *pro se* status and the government's ability to respond, the Court GRANTS petitioner's motion to amend. Petitioner shall have until September 30, 2014 to file an amended § 2255 petition. The government shall have until October 31, 2014 to supplement its motion to dismiss in order to respond to any new claims raised by petitioner in his amendment.

Pursuant to Local Rule 7.1(e), "[a]ny party may file a written response to any motion." Local Rule 7.1(e). The government filed a motion to dismiss petitioner's § 2255 petition on July 30, 2014. Although now outside the normal 21 day response period, the Court will allow petitioner to file his response to the government's motion to dismiss by September 30, 2014. Therefore petitioner's second motion [DE 185] is GRANTED IN PART.

In the same motion petitioner requests his case documents including discovery materials and transcripts. As this Court explained to petitioner in its April 2, 2014 order [DE 171], "[f]ees for transcripts furnished in proceedings brought under [28 U.S.C. § 2255] to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). The Court has now reviewed petitioner's § 2255 motion [DE 167, 172] and finds that a transcript is not needed to decide the issue presented by his motion. Accordingly, petitioner's motion is DENIED IN PART. The Court declines to provide petitioner with the transcripts of his proceedings at government cost. As for the rest of the materials petitioner seeks, he would need to obtain them from his attorney.

## CONCLUSION

For the foregoing reasons, the Court GRANTS petitioner's motion to amend. Petitioner shall have until September 30, 2014 to file an amended § 2255 petition. The government shall have until October 31, 2014 to supplement its motion to dismiss in order to respond to any new claims raised by petitioner in his amendment. The Court GRANTS IN PART AND DENIES IN PART petitioner's motion to file and for production of case file materials. Petitioner shall have up to and including September 30, 2014 to respond to the government's motion to dismiss.

SO ORDERED,

this _3_ day of September, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE