IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-381-BO
NO. 5:14-CV-232-BO

| | |
|---|---|
| TRONE BRONKEITH TILLERY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter is before the Court on petitioner's letter construed by the Court as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 167], petitioner's motion to vacate [DE 172], petitioner's supplemental claims [DE 176], and the government's motion to dismiss [DE 182].

Petitioner's filings with this Court are somewhat confusing due to their disjointed and ad hoc nature.[1] What is clear from all of petitioner's filings is that petitioner claims that he requested that his attorney Steven Hight file a notice of appeal after his sentencing and that no notice of appeal was ever filed in petitioner's case. [DE 167; DE 188 at 12–15]. Although the government argues that petitioner's focus on this claim in his response to the government's motion to dismiss was procedurally improper because he did not list the claim in any previous § 2255 filings, petitioner clearly raised the claim in his letter to the Court construed as a § 2255 motion and the government should have been aware of the claim and that petitioner, although

---

[1] Petitioner raised claims in his initial letter [DE 167] that he neglected to list in his motion filed on the proper § 2255 paperwork [DE 172], and then added additional claims in a filing with the Court [DE 176], and again added a claim in his response to the motion to dismiss [DE 188].

*pro se*, was attempting to raise the claim in these proceedings. [DE 167; DE 189]. In *United States v. Diaz*, 2013 U.S. App. LEXIS 24134 (4th Cir. Dec. 4, 2013), the Fourth Circuit discussed the need for an evidentiary hearing when a petitioner alleges that his counsel did not file a direct appeal despite a request to do so.

> In *United States v. Peak*, 992 F.2d 39, 41-42 (4th Cir. 1993), this court held that counsel's failure to file a notice of appeal as directed constitutes per se ineffective assistance. Under 28 U.S.C.A. § 2255(b), unless the pleadings, files, and records conclusively show that the prisoner is not entitled to relief, the district court shall hold an evidentiary hearing. *United States v. Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000). Whether an evidentiary hearing is necessary is generally left to the sound discretion of the district judge, but we long ago recognized that there remains "a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court." *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

*Diaz*, 2013 U.S. App. LEXIS 24134 at *1–2. In *Diaz*, the government presented an affidavit from counsel attesting that Diaz never requested that a notice of appeal be filed and the district court denied relief with respect to that claim after determining that it lacked credibility. *Id.* However, the Fourth Circuit noted that the district court could not make a credibility determination without an evidentiary hearing. *Id.* at *2–3. Here, the Court is not even presented with an affidavit from petitioner's counsel by the government. It cannot determine the credibility of petitioner's claim without an evidentiary hearing.

Accordingly, the Court will hold an evidentiary hearing on petitioner's claim that his counsel did not file a notice of appeal despite being directed to do so by petitioner. The hearing will further address whether, if the Court finds that petitioner did not request an appeal, petitioner's counsel had a duty to consult petitioner about an appeal and failed to do so. *Roe v. Flores-Ortega*, 528 U.S. 470, 478–80 (2000). Rule 8(c) of the Rules Governing § 2255 Proceedings requires that the Court appoint counsel to represent petitioner at an evidentiary hearing if he meets the indigency requirements. *See also United States v. Harris*, 217 F.3d 841

2

(4th Cir. 2000) (unpublished table decision). As petitioner was previously determined to meet the indigency requirements, Raymond Tarlton is APPOINTED to represent petitioner for this evidentiary hearing. 18 U.S.C. § 3006A. Pursuant to Rule 8(c) of the Rules Governing § 2255 Proceedings the Court will conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare.

## CONCLUSION

For the foregoing reasons, the Court will hold an evidentiary hearing as to petitioner's claim that counsel failed to file a notice of appeal despite being directed to do so. The Clerk is DIRECTED to provide a copy of this order to the Federal Public Defender and Raymond Tarlton.

SO ORDERED.

This the ___ day of November, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE