IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-381-BO
No. 5:17-CV-103-BO

| | |
|---|---|
| TRONE BRONKEITH TILLERY,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>)<br>)<br>)    O R D E R<br>)<br>)<br>) |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 261]. The government filed a motion to dismiss [DE 265], and petitioner responded [DE 270]. The matters are fully briefed and ripe for adjudication. For the following reasons, the government's motion to dismiss is granted and petitioner's § 2255 petition is denied.

## BACKGROUND

On August 6, 2013, a jury found petitioner guilty of the following: conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base (crack) and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One); two counts of distribution of five grams or more of cocaine (crack), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts Two and Three); two counts of distribution of more than five grams of cocaine base and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (Counts Four and Five); possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g) and 924 (Count Six); and tampering, in violation of 18 U.S.C. § 1512(b)(1) (Count Seven). [DE 148].

On January 7, 2014, petitioner was sentenced to 400 months' imprisonment on Count One, concurrent with 120 months' imprisonment on Count Six, and 240 months' imprisonment on all remaining counts, for a total of 400 months' imprisonment. [DE 164]. Petitioner appealed. On September 1, 2015, upon the government's unopposed motion to remand the case, petitioner's sentence was vacated and the case was remanded to district court for rearraignment. [DE 226; *see also* DE 223, 224].

On June 2, 2016, petitioner pleaded guilty at his rearraignment hearing, pursuant to a written plea agreement, to conspiracy to possess with the intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [DE 250]. All original counts (One through Seven) were dismissed pursuant to petitioner's plea agreement. [DE 250 at 6]. In addition, the plea agreement contained stipulations as to the following non-binding sentencing factors: an upward adjustment of two levels for possession of a dangerous weapon under USSG § 2D1.1(B)(1), and an upward adjustment of two levels for witness tampering under USSG § 3C1.1. [DE 250 at 6]. On June 23, 2016, petitioner was resentenced to a total of 150 months' imprisonment. [DE 256].

On February 24, 2017, petitioner filed this motion to vacate under 28 U.S.C. § 2255, alleging that defense counsel was ineffective for failing to move to suppress evidence related to petitioner's possession of a firearm. [DE 261, 261-1]. In response, the government filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). [DE 265].

## DISCUSSION

"To survive a motion to dismiss pursuant to Rule 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby

2

'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Under § 2255(b), [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." *United States v. Thomas*, 627 F3d 534, 539 (4th Cir. 2010) (internal quotation omitted). However, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

Petitioner raises a claim of ineffective assistance of counsel in support of his motion to vacate his sentence. In order to demonstrate that the assistance of counsel fell below the level of effectiveness guaranteed by the Sixth Amendment, petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689–90). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Strickland*, 466 U.S. at 697.

To prevail under the prejudice prong of *Strickland* when challenging a guilty plea, petitioner must show that "there is a reasonable probability that, but for counsel's errors, he

3

would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A petitioner must further convince the court that going to trial "would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). "The challenger's subjective preferences, therefore, are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012).

Petitioner alleges that counsel was ineffective for failing to move to suppress evidence related to petitioner's possession of a firearm and asks the Court to vacate his conviction under 18 U.S.C. § 922(g). However, petitioner was not convicted and did not plead guilty to a charge under § 922(g). Instead, petitioner pled guilty to conspiracy to possess with the intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [DE 250].

Assuming petitioner intended to challenge his dangerous weapon sentence enhancement under the United States Sentencing Guidelines, the Court cannot find that counsel was ineffective for failing to challenge this enhancement. Petitioner's plea agreement specifically stipulated to USSG § 2D1.1(B)(1), which is a non-binding sentencing factor and provides for an upward adjustment of two levels for possession of a dangerous weapon. Because petitioner specifically agreed to this stipulation, there would have been no reason for defense counsel to file a motion to suppress as to evidence that potentially led to that agreed-upon enhancement. Therefore, petitioner cannot show that counsel was deficient under *Strickland*.

For these reasons, petitioner cannot state a claim upon which relief may be granted and his § 2255 petition is properly dismissed.

<u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, the Court declines to grant a certificate of appealability.

## CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 265] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 261] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 18 day of May, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5